IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS,<br><br>                       Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, and HALL COUNTY NEBRASKA,<br><br>                       Defendants. | **4:25CV3145**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Alexandre Zdenek Davis' Complaint filed on July 10, 2025. Filing No. 1. Plaintiff is currently incarcerated at the Federal Correctional Institute—Pekin. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued the State of Nebraska and Hall County, Nebraska. The following summarizes the allegations of his complaint.

On November 1, 2022, Plaintiff was convicted of third degree sexual assault, a Class 3 misdemeanor and sentenced to a year of imprisonment with no probation.[1] Filing No. 1 at 3. He alleges the victim of his sexual assault gave

---

[1] See *State v. Alexandre Z. Davis*, CR 20-436 in the District Court of Hall County, Nebraska. According to state court records, the offense occurred on May 2, 2020. Davis was originally charged with first degree sexual assault, a class 2 felony. He pleaded guilty to third degree sexual assault, a class 1 misdemeanor, on November 1, 2022, and he was sentenced on November 21, 2022. He filed a state postconviction motion on February 12, 2025. The motion was denied on March 11, 2025. He filed another postconviction motion to set aside on June 23, 2025, which was denied on June 25, 2025. Plaintiff's state postconviction motions raised substantially the same allegations as those in his federal complaint.

him drugs and alcohol, and after he was drunk and high, he sexually assaulted the victim. Filing No. 1 at 3.

His attorney told him he could file a petition to set aside the conviction, and it would be granted. He filed a petition for habeas relief. It was denied. Filing No. 1 at 3.

Plaintiff alleges the State of Nebraska and Hall County knew the conviction would put his life in danger. He claims he was physically assaulted four times in 2022 and 2023, each assault occurring at a separate detention facility. In 2024, he was allegedly stabbed in the neck while housed at FCI-Florence, and he is now paralyzed in the left hand. He claims he was sexually assaulted several times between 2023 and 2025.

Plaintiff blames the State of Nebraska and Hall County for refusing to set aside his conviction and thereby placing him in danger, and he claims they will be responsible if he is physically or sexually assaulted in the future. Plaintiff alleges he will remain in danger so long as he remains in prison. Plaintiff is a resident of California, intends to move to Hawaii upon his release from federal prison, and neither Hawaii nor California would require him to register as a sex offender. He alleges that since he will never live in Nebraska, he should not be subject to Nebraska's sex offender registry requirements.

Plaintiff is "not seeking monetary damages. I just want the charge removed/set aside. I paid my debt to Nebraska and the victim." Filing No. 1 at 4. He asks this court to set aside his state conviction, including his obligation to register as a sex offender.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

2

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. Specifically, he asks the Court to set aside his 2022 state court conviction.

Challenges to set aside a state conviction or sentence are the province of habeas corpus, not civil actions under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). To pursue a §1983 action that would necessarily challenge the validity of his 2022 Nebraska state court conviction, Plaintiff must first prove his state conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This favorable-termination prerequisite "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (citing *Heck,* 512 U.S. at 490 n. 10).

Here, Plaintiff's complaint does not seek damages under §1983. Instead, his complaint is a habeas action clothed as a §1983 claim for the injunctive relief of expunging a state conviction. For that reason alone, the complaint must be dismissed. And although Plaintiff can no longer obtain habeas relief to set aside the 2022 state court conviction because he is no longer "in custody" for that conviction,[2] *Heck* nonetheless bars his action to recover under 42 U.S.C. §1983. *Entzi,* 485 F.3d at 1003.

Even assuming *Heck* is inapplicable when habeas relief is no longer available,[3] under the *Rooker–Feldman* doctrine, this Court lacks subject matter jurisdiction over Plaintiff's claim to set aside his 2022 state court criminal conviction. *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir.

---

[2] Plaintiff's ongoing obligation to register as a sex offender is not considered "in custody" for the purposes of obtaining habeas relief. *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100 (D. Neb. 2009) (collecting cases).

[3] The circuits are split on whether *Heck* can bar a §1983 claim when the plaintiff can no longer obtain habeas relief because upon release from prison, the habeas action is moot. *Cohen v. Longshore*, 621 F.3d 1311, 1316 (10th Cir. 2010) (collecting cases) (adopting the reasoning of circuits which hold that "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim").

4

2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Any federal review of non-habeas state court judgments is vested exclusively in the United States Supreme Court. *See* 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 486.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against the State of Nebraska and Hall County, Nebraska, must be dismissed as *Heck*-barred or, in the alternative, under the *Rooker-Feldman* doctrine.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 26th day of September, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge

5